IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

FELICIA BROWN                          )
                                       )          No. 1-06-0098
v.                                     )
                                       )
CITY OF SPRINGHILL                     )


O R D E R

The plaintiff's motion for subpoenas[1] (Docket Entry Nos. 45, 47, and 49)[2] are DENIED, with leave to renew.

This lawsuit was filed on December 4, 2006. The initial case management conference was held on February 5, 2007, after which orders were entered (Docket Entry Nos. 9-10), providing, inter alia, the scheduling deadlines for this case. Specifically, all fact discovery was to be completed by October 15, 2007, and dispositive motions filed by January 15, 2008. By order entered February 26, 2007 (Docket Entry No. 12), a jury trial was scheduled on June 17, 2008.

Defendant's written discovery, served in March of 2007, went unanswered and there was little to no progress made in this case for the next few months. However, counsel for the plaintiff advised the Court and defendant's counsel on August 14, 2007, that the plaintiff's son had died and that the plaintiff was understandably unable to focus on this lawsuit for a period of time. As a result, by order entered August 14, 2007 (Docket Entry No. 15), scheduling deadlines were extended, including, inter alia, the time for the plaintiff to serve responses to the defendant's written discovery propounded in March of 2007, was extended to October 15, 2007, the October 15, 2007, deadline for the completion of fact discovery was extended to January 4, 2008, and the January 15, 2008,

---

[1] Because the plaintiff is now proceeding pro se, subpoenas may issue only with leave of Court. See Local Rule 45.01(1).

[2] The plaintiff's motion, filed March 14, 2008 (Docket Entry No. 49), entitled "Motion to Subpoena Depose of John Smith," appears to be a reply to the defendant's responses (Docket Entry Nos. 46 and 48) to her original motions (Docket Entry Nos. 45 and 47), since the plaintiff does not seek any new relief in her March 14, 2008, motion.

deadline for filing dispositive motions was extended to February 4, 2008, with the response due by March 4, 2008, and any reply due by March 18, 2008, and a further telephonic status conference was scheduled on September 17, 2007.

Counsel for the parties called the Court on September 17, 2007, and, as reflected in the order entered September 17, 2007 (Docket Entry No. 16), plaintiff's counsel advised that he hoped to serve responses to the outstanding written discovery in the near future. However, upon defendant's counsel's suggestion, plaintiff's counsel agreed to contact the plaintiff's physician to confirm that the plaintiff was able to participate in this litigation.[3] Plaintiff's counsel was directed to notify the Court and defendant's counsel by October 1, 2007, if he anticipated any problems with the plaintiff's ability to proceed in this case and with serving responses to the outstanding written discovery no later than October 15, 2007.

However, on October 18, 2007, plaintiff's counsel moved to withdraw (Docket Entry No. 17), and the motion was granted by order entered October 19, 2007 (Docket Entry No. 18), giving the plaintiff 30 days to obtain new counsel or notify the Court that she intends to proceed pro se.

Pursuant to the order entered October 22, 2007 (Docket Entry No. 19), a status conference was held on November 26, 2007, at which time the plaintiff had not obtained another lawyer but hoped she would be able to, and had still not responded to the defendant's outstanding written discovery. Because the plaintiff hoped to be able to obtain another lawyer, a further status conference was scheduled on December 13, 2007, to address extensions of scheduling deadlines, and whether or not the plaintiff had obtained another lawyer.

As scheduled on November 26, 2007, and as provided in the order entered December 3, 2007 (Docket Entry No. 22), another status conference was held on December 13, 2007, at which time the plaintiff advised that she had still not obtained an attorney, but she provided responses to most of the interrogatories and signed medical releases. As reflected in the order entered December 14,

---

[3] The plaintiff's physician had previously recommended that the plaintiff not participate in this litigation for a period of 60 days. See Docket Entry No. 15.

2007 (Docket Entry No. 24), the deadline for completion of fact discovery was extended to February 1, 2008, and the plaintiff was directed to appear for her deposition on January 8, 2008, but the deadlines for filing and briefing any dispositive motion were not extended, in accord with Local Rule 16.01(d)(2)(f) and in light of the June 17, 2008, trial date.

As the defendant noted in their responses (Docket Entry Nos. 46 and 48), the plaintiff did not mention the need for any discovery during the status conferences held on November 26, 2007, and December 13, 2007.

The defendant timely filed a motion for summary judgment on February 4, 2008. See Docket Entry Nos. 29-33.

By order entered March 6, 2008 (Docket Entry No. 40), upon plaintiff's motion (Docket Entry No. 36), the time for the plaintiff to file a response to the motion was extended to March 18, 2008, and the time for the defendant to file a reply was extended to April 1, 2008. However, the plaintiff filed a response to the defendant's statement of undisputed facts and an affidavit on March 4, 2008 (Docket Entry Nos. 38-39), contemporaneously with the filing of the motion for extension of time, and filed a response and accompanying filings (Docket Entry Nos. 42-44) on March 7, 2008.[4]

On March 11, 2008, the plaintiff filed the first two motions. Those motions come over a month after the February 1, 2008, deadline for completion of discovery, and are simply too late. As the defendant pointed out in its response (Docket Entry No. 46, at 2), the Court and defendant's counsel have "worked patiently with plaintiff," and deadlines have been extended to accommodate her. Now that the defendant has filed its motion for summary judgment, discovery that might be used to support or oppose the defendant's pending motion for summary judgment cannot be reopened. The defendant suggests that, after briefing is completed on the defendant's motion for

_____

[4] The plaintiff was assisted in her response to the defendant's motion for summary judgment by an attorney who has not entered an appearance in this case. See Docket Entry No. 42.

3

summary judgment, the parties be permitted to request a status conference to address any discovery that remains to be conducted prior to trial.

A status conference is hereby scheduled on **Wednesday, April 30, 2008, at 1:00 p.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN, to address any further discovery needed prior to the trial, and any other appropriate matters.

Any party desiring to appeal this order of the Magistrate Judge may do so by filing a motion for review no later than ten (10) days from the date of service of this order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 9(a)(1) of the Local Rules for Magistrate Judge Proceedings.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

4